# Exhibit A



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Jose Montero Mendez
_____
Plaintiff

vs.

Washington Food and Supply of DC, Inc.
_____
Defendant

Case Number 14-0000879

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Jeffrey Gutman
_____
Name of Plaintiff's Attorney

2000 G St NW
_____
Address
Washington DC 20052
_____
202-994-5797
_____
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date 2/4/14

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                    CASUM.doc

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| JOSE MONTERO MENDEZ<br>c/o Jacob Burns Community Legal Clinics<br>George Washington University Law School<br>2000 G St. N.W.<br>Washington, D.C. 20052<br><br>*Plaintiff,*<br><br>v.<br><br>WASHINGTON FOOD & SUPPLY OF D.C., INC.<br>1270 4th St. NE<br>Washington, D.C. 20002<br><br>Serve:<br>D.C. REGISTERED AGENT INC.<br>RE: Washington Food & Supply of D.C., Inc.<br>1120 20th Street NW<br>S-300-RLK<br>Washington, D.C. 20036<br><br>*Defendant.* | RECEIVED<br>Civil Clerk's Office<br>FEB 14 2014<br><br>Civ. No. 14 - 000970<br>Jury Trial Demanded |

**COMPLAINT**

1. Plaintiff, Jose Montero Mendez ("Mr. Montero Mendez"), brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the District of Columbia Minimum Wage Act Revision Act ("MWARA"), D.C. Code § 32-1001, *et seq.*, against his former employer, Washington Food & Supply of D.C., Inc. ("Defendant"). From April 2007 to May 2013, Mr. Montero Mendez regularly worked sixty-two hours per week for the Defendant, but was not fully paid for the hours he worked. Through this action, Mr. Montero Mendez seeks unpaid overtime wages,

1

liquidated damages, reasonable attorney's fees, litigation costs, and prejudgment interest.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Mr. Montero Mendez's claims pursuant to D.C. Code § 11-921(a).

3. Venue is proper in this Court because the Defendant resides and operates within the District of Columbia, and the events and omissions giving rise to the claims occurred in within the District of Columbia.

## PARTIES

4. Mr. Montero Mendez is a resident of the District of Columbia.

5. Mr. Montero Mendez worked for the Defendant from approximately April 2007 to January 17, 2014.

6. Mr. Montero Mendez was an employee of the Defendant within the meaning of FLSA, 29 U.S.C. § 203(e)(1) and of D.C. Code § 32-1002(1) because the Defendant hired Mr. Montero Mendez, permitted his work, and paid him for his work.

7. The Defendant is a wholesale grocery distributor located at 1270 4th Street, NE, Washington, D.C. 20002.

8. The Defendant is an "enterprise engaged in commerce" under 29 U.S.C. § 203(s)(1)(A) because it has employees handling, selling, or otherwise working on goods that have been moved in commerce, and has an annual gross volume of sales exceeding $500,000.

9. The Defendant is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), and of D.C. Code § 32-1002(3) because the Defendant provided work schedules, payment,

and instructions to Mr. Montero Mendez in order to serve the Defendant's interest as a business.

## FACTUAL ALLEGATIONS

10. Throughout his employment with the Defendant, Mr. Montero Mendez's responsibilities included stocking shelves with wholesale groceries, maintaining inventory, and performing janitorial duties.

11. From approximately April 2007 to May 2013, the Defendant required Mr. Montero Mendez to work a fixed schedule from 6:00 am–4:30 pm on Mondays and Tuesdays, and from 6:00 am–5:00 pm on Wednesdays through Saturdays. Mr. Montero Mendez received thirty minutes of unpaid lunch time each day. Mr. Montero Mendez thus worked sixty-two hours per week during this period.

12. For portions of his employment, the Defendant paid Mr. Montero Mendez less than sixty-two hours per week. For example, from January 28 through May 4, 2013, the Defendant only paid Mr. Montero Mendez for fifty-seven hours of work per week. On information and belief, the Defendant failed to pay Mr. Montero Mendez for each hour he worked during other periods of his employment as well.

## CLAIMS

### COUNT I: VIOLATION OF MWARA FOR OVERTIME

13. Mr. Montero Mendez repeats and re-alleges the allegations set forth in paragraphs 1 through 12.

14. Pursuant to the D.C. Code § 32-1003(c), all employees must be paid one and half times their regular hourly wage for each hour worked in excess of forty hours per work week.

15. The Defendant violated D.C. Code § 32-1003(c) by failing to pay Mr. Montero Mendez the legally required overtime wage of one and half times his regular rate of pay for the hours he worked in excess of forty hours in a work week for which he was not paid.

## COUNT II: VIOLATION OF FLSA FOR OVERTIME

16. Mr. Montero Mendez repeats and re-alleges the allegations set forth in paragraphs 1 through 12.

17. Pursuant to 29 U.S.C. § 207(a), all non-exempt employees must be paid one and a half times their regular hourly wage for every hour worked in excess of forty hours per work week.

18. The Defendant violated 29 U.S.C. § 207(a)(1) by failing to pay Mr. Montero Mendez the legally required overtime wage of one and half times his regular rate of pay for the hours he worked in excess of forty hours in a work week for which he was not paid.

## COUNT III: VIOLATION OF MWARA FOR UNPAID MINIMUM WAGE

19. Mr. Montero Mendez repeats and re-alleges the allegations set forth in paragraphs 1 through 12.

20. MWARA requires all non-exempt employees to be paid at least the D.C. minimum hourly wage. D.C. Code § 32-1003(a)(2) (requiring an hourly wage of at least $7.00 from January 1, 2006 through July 23, 2008, $7.55 from July 24, 2008 through July 23, 2009, and $8.25 from July 24, 2009 through January 17, 2014).

21. The Defendant violated D.C. Code § 32-1003(a)(2) by failing to pay Mr. Montero Mendez the required minimum wage for the hours he worked, but was not paid.

## COUNT IV: VIOLATION OF FLSA FOR UNPAID MINIMUM WAGE

22. Mr. Montero Mendez repeats and re-alleges the allegations set forth in paragraphs 1 through 12.

23. The FLSA requires all non-exempt employees to be paid at least the federal minimum hourly wage. 29 U.S.C. § 206(a)(1)(C) (requiring an hourly wage of at least $5.15 from September 1, 1997 through July 23, 2007, $5.85 from July 24, 2007 through July 23, 2008, $6.55 from July 24, 2008 through July 23, 2009, and $7.25 from July 24, 2009 through January 17, 2014).

24. The Defendant violated 29 U.S.C. § 206 (a)(1)(C) by failing to pay Mr. Montero Mendez the required minimum wage for the hours he worked, but was not paid.

## COUNT V: QUANTUM MERUIT

25. Mr. Montero Mendez repeats and re-alleges the allegations set forth in paragraphs 1 through12.

26. Mr. Montero Mendez rendered valuable services to the Defendant.

27. Those services were accepted by the Defendant.

28. The Defendant was reasonably notified that Mr. Montero Mendez expected to be paid for the services rendered.

29. The Defendant is liable on a theory of quantum meruit for payment to Mr. Montero Mendez for all hours for which he worked for the Defendant but was not paid.

## COUNT VI: UNJUST ENRICHMENT

30. Mr. Montero Mendez repeats and re-alleges the allegations set forth in paragraphs 1 through12.

31. Mr. Montero Mendez worked for the Defendant and was not paid for his work, thereby conferring a benefit on the Defendant.

32. The benefits conferred on the Defendant for not paying Mr. Montero Mendez for work he performed were retained by the Defendant.

33. The Defendant's retention of the benefit is unjust.

34. The Defendant is liable on a theory of unjust enrichment for payment to Mr. Montero Mendez for all hours the Defendant did not pay him for work he performed.

## COUNT VII: BREACH OF CONTRACT

35. Mr. Montero Mendez repeats and re-alleges the allegations set forth in paragraphs 1 through 12.

36. Mr. Montero Mendez and the Defendant entered into a contract in which Mr. Montero Mendez agreed to work for the Defendant in exchange for payment for all hours he worked.

37. The Defendant breached that contract when it failed to pay Mr. Montero Mendez for some of the work he performed.

38. Mr. Montero Mendez suffered harm as a result of the Defendant's breach.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Montero Mendez respectfully requests this Court to enter judgment against the Defendant and hereby award to Mr. Montero Mendez:

(a) Actual damages in the amount of Mr. Montero Mendez's unpaid wages, to be determined at trial, as provided for by D.C. Code § 32-1012 and 29 U.S.C. § 206(a).

(b) Actual damages in the amount of Mr. Montero Mendez's unpaid minimum and overtime wages, to be determined at trial, as provided for by D.C. Code §§ 32-1012(a), 32-1003, and 29 U.S.C. § 207(a)(1).

(c) Liquidated damages in an amount equal to actual damages as provided for by D.C. Code §§ 32-1012(a), 32-1308, 29 U.S.C. § 207(a), 29 U.S.C. § 216.

(d) Costs and attorney's fees as provided for by D.C. Code §§32-1012(c), 1308(b), and 29 U.S.C. § 216.

(e) Any and all other legal or equitable relief to which Mr. Montero Mendez is entitled.

Dated: February 14, 2014

Respectfully submitted,

_/s/_

Jeffrey S. Gutman (D.C. Bar # 416954)
Professor of Clinical Law
Benjamin Flick (LS # 13524)
Juan Garcia-Pardo (LS# 13507)
Student Advocates
George Washington University Law School
Public Justice Advocacy Clinic
2000 G St., N.W.
Washington, D.C. 20052
(202) 994-5797 (tel)
(202) 994-4946 (fax)
jgutman@law.gwu.edu (e-mail)